NO. 12-03-00128-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


TRACY GLASSCOCK,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


PER CURIAM



 Tracy Glasscock ("Appellant") appeals the trial court's revocation of his deferred
adjudication probation, for which he was sentenced to imprisonment for twenty years and fined five
thousand dollars. Appellant's counsel filed a brief in compliance with Anders v. California, 386
U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969). We affirm.


Background

 Appellant pleaded guilty to sexual assault, a second degree felony. (1) The court deferred
finding Appellant guilty and placed him on probation for ten years. The State filed a motion to
revoke Appellant's probation and to proceed to adjudication, alleging that Appellant had violated
certain terms of his probation. Specifically, the State argued that, among other things, Appellant
failed to write an unequivocal letter of apology to his sexual assault victim on or before February 21,
2003. Subsequently, a hearing was held on the State's motion. Appellant pleaded "true" to the
aforementioned allegation and the trial court ultimately found that Appellant had violated the terms
of his probation as alleged. The trial court revoked Appellant's probation, proceeded to adjudicate
Appellant guilty of sexual assault, and assessed Appellant's punishment at imprisonment for twenty
years and a fine of five thousand dollars. This appeal followed.


Analysis Pursuant to Anders v. California

 Appellant's counsel filed a brief in compliance with Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).
Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion
that the record reflects no reversible error and that there is no error upon which an appeal can be
predicated. He further relates that he is well acquainted with the facts in this case. In compliance
with Anders, Gainous, and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's
brief presents a chronological summation of the procedural history of the case, and further states that
Appellant's counsel is unable to raise any arguable issues for appeal. (2) We have likewise reviewed
the record for reversible error and have found none.

 

Conclusion

 As required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's
counsel has moved for leave to withdraw. We carried the motion for consideration with our
consideration of this matter. Having done so and finding no reversible error, Appellant's counsel's
motion for leave to withdraw is hereby granted and the trial court's judgment is affirmed.


Opinion delivered January 21, 2004.

Panel consisted of Worthen, C.J., Griffith, J.

DeVasto, J., not participating



(DO NOT PUBLISH)
1. See Tex. Pen. Code Ann. §§ 22.011(f), 12.33(a) (Vernon 2003 and Supp. 2004).
2. Counsel for Appellant certified in his motion to withdraw that he provided Appellant with a copy of this
brief and that Appellant was given time to file his own brief in this cause. The time for filing such a brief has
expired and we have received no pro se brief.